## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## BAY CITY

**IN THE MATTER OF:**

State Theatre of
Bay City/Bay County,

Bankruptcy Case No. 24-20261-dob
Honorable Daniel S. Opperman
Chapter 7

        Debtor.
_____/

State Theater of
Bay City/Bay County,

        Plaintiff,

vs.

Adversary No.___:___-ap--____-___

Michael Bacigalupo, Mark Delestowicz
and Stephanie Martinez

        Defendants.
_____

## **COMPLAINT**

Plaintiff State Theater of Bay City/Bay County ("State Theater" or "Plaintiff"), by and through its undersigned counsel, files this Complaint against Michael Bacigalupo ("Mr. Bacigalupo") pursuant to 11 USC § 541(a)(1) and Fed. R. of Bank. P. 7001 *et seq,* and alleges the following in support of the requested relief:

1

## JURISDICTION

1. This is an adversary proceeding in which the Plaintiff is seeking to recover damages.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334.

3. This is a core proceeding pursuant to 28 U.S.C. §157.

4. Plaintiff has standing to bring this action pursuant to 11 U.S.C. §§ 307, 323 and 327.

5. Venue is proper to 28 U.S.C. § 1409(a) and Local Rule 1071-1 of the United Sates Bankruptcy Court for the Eastern District of Michigan Bay City.

## BACKGROUND FACTS

6. Plaintiff is a nonprofit corporation organized and existing under the laws of the State of Michigan on a non-stock / directorship basis.

7. Prior to the filing, Plaintiff's primary asset was a certain theater building located at 913 Washington Ave, Bay City, MI 48708 (the "Real Property").

8. Plaintiff also owned certain other personal property used in connection with the Real Property (the "Personal Property").

9. Mr. Bacigalupo is an individual who, upon information and belief, resides in Bay County.

10. Mr. Delestowicz is an individual who, upon information and belief, resides in Bay County.

11. Ms. Martinez is an individual who, upon information and belief, resides in Bay County.

12. For all times relative to these proceedings, Mr. Bacigalupo was a non-volunteer employee of Plaintiff as its Chief Operating Officer ("COO").

13. In his capacity as COO, Mr. Bacigalupo was an "officer" of Plaintiff.

14. In his capacity as COO, Mr. Bacigalupo had substantial involvement and primary responsibility for the day-to-day operations of Plaintiff.

15. On or about June 8, 2020, Mr. Bacigalupo, in his capacity as COO of the Plaintiff, caused Plaintiff to borrow $150,000 through a U.S. Small Business Administration program (the "SBA Loan").

16. Mr. Bacigalupo, as COO of Plaintiff, caused the Plaintiff to secure the SBA Loan by pledging all of the Personal Property as collateral.

17. When received, the SBA Loan funds were not utilized by the COO for the benefit of the Plaintiff, but instead were used for the improvements to a publicly-owned park in which Plaintiff had no ownership interest.

18. Prior to and after obtaining the SBA Loan, Mr. Bacigalupo knew or should have known that the proceeds of the SBA Loan would not be used for the benefit of Plaintiff.

19. On or about June 26, 2020, Mr. Bacigalupo, acting as COO of the Plaintiff, caused Plaintiff to borrow $800,000 Bay County Growth Alliance, Inc. (the

"Growth Alliance Loan" and, sometimes together with the SBA Loan, the "Loans").

20. In his capacity as COO of Plaintiff, Mr. Bacigalupo caused the Plaintiff to secure the Growth Alliance Loan by pledging all of the Real Property as collateral.

21. However, rather than causing the Growth Alliance Loan proceeds to be used for the benefit of Plaintiff, the Growth Alliance Loan funds were likewise utilized for improvements to publicly-owned facilities, namely the Bay City band shell and surrounding areas within a public park, in which Plaintiff had no ownership interest.

22. Prior to and after obtaining the SBA Loan, Mr. Bacigalupo knew or should have known that the proceeds of the SBA Loan would not be used for the benefit of Plaintiff.

23. Plaintiff did not have any obligation to borrow such funds or otherwise to make improvements or renovations to these publicly-owned properties.

24. Plaintiff did not benefit in any way from the Loans or any of the work performed with the proceeds of such Loans.

25. State Theater Board of Directors meetings occurred during these times, but Mr. Bacigalupo concealed the existence of the Loans leading up to and following obtaining same.

26. At subsequent meetings, Mr. Bacigalupo continued to mislead the Board of Directors as to the existence of the Loans and the burden they placed on the State Theater's financial well-being.

27. Mr. Bacigalupo's conduct in obtaining the Loans and pledging the Personal Property and Real Property of the Plaintiff, without benefit to the Plaintiff, was outside the scope of his responsibilities and authority as an officer of Plaintiff.

28. Plaintiff never approved in advance or later ratified the actions of Mr. Bacigalupo in obtaining the Loans or pledging Plaintiff's Personal and Real Property as security for those loans.

29. Mr. Bacigalupo's acts of obtaining the Loans and pledging Plaintiff's Personal and Real Property as security, without benefit to the Plaintiff, was wrongful and constituted an error, omission, misstatement, misleading statement and a breach of his duty to the Plaintiff.

30. Plaintiff was unable to repay the Loans.

31. As a consequence of Plaintiff's inability to repay the Loans wrongfully authorized by Mr. Bacigalupo, the Plaintiff's mission and reason for existence was destroyed.

32. The inability to repay the Loans caused a collapse of the State Theater's financial condition which in turn forced Plaintiff to seek bankruptcy protection.

33. Consequently, the State Theater lost the ownership, use and benefit of all its Personal and Real Property.

34. After improperly authorizing the Loans on behalf of Plaintiff without authority and without notice to the Board, Mr. Bacigalupo actively sought to evade revealing his decisions from the Board of Plaintiff.

35. Nevertheless, at a certain point in time, Mr. Bacigalupo made Mr. Delestowicz and Ms. Martinez aware of the fact that he had signed on behalf of Plaintiff to borrow funds and had used those borrowed funds in the manner as described above.

36. Notwithstanding their knowledge, neither Mr. Delestowicz nor Ms. Martinez advised the other members of the Board of the fact that Mr. Bacigalupo had improperly signed for the Loans and Mortgaged the Real Property on behalf of Plaintiff in a timely manner.

37. Also, notwithstanding their knowledge that Mr. Bacigalupo had improperly signed for the Loans, Mortgaged the Real Property and pledged the Personal Property of the Plaintiff, neither Mr. Delestowicz nor Ms. Martinez took any other timely action to protect the interests of Plaintiff.

38. The Loans did not benefit Plaintiff.

39. Mr. Bacigalupo, Mr. Delestowicz and Ms. Martinez each respectively knew or should have known that the Loans did not benefit Plaintiff.

40. Plaintiff has made a claim against its officers and directors insurance policy, but the carrier has ignored those demands and has not paid or otherwise responded to the claim.

41. Without proceeding through this Complaint, Plaintiff is without a remedy.

**COUNT I – BREACH OF FIDUCIARY DUTY (against Mr. Bacigalupo)**

42. Plaintiff incorporates by reference all allegations set forth above.

43. As COO, Mr. Bacigalupo owes Plaintiff a fiduciary duty.

44. Mr. Bacigalupo's actions as described above, including without limitation, obtaining the Loans without authority or permission, pledging the Personal Property and Real Property of Plaintiff as security for the Loans, and misleading Plaintiff as to such wrongful conduct in subsequent Board meetings, constituted a breach of Mr. Bacigalupo's duties to Plaintiff.

45. Mr. Bacigalupo took those actions without good cause or excuse.

46. As a result of Mr. Bacigalupo's wrongful conduct and his breach of fiduciary duty to Plaintiff, Plaintiff has been severely damaged.

## COUNT II – BREACH OF FIDUCIARY DUTY (against Mr. Delestowicz and Ms. Martinez)

47. Plaintiff incorporates by reference all allegations set forth above.

48. As a member of the Board and Chair, Mr. Delestowicz owed Plaintiff a fiduciary duty.

49. As a member of the Board, Ms. Martinez owed Plaintiff a fiduciary duty.

50. Mr. Delestowicz inaction as described above, constituted a breach of Mr. Delestowicz's duties to Plaintiff.

51. Ms. Martinez' inaction as described above, constituted a breach of her duties to Plaintiff.

52. Mr. Delestowicz and Ms. Martinez' failure to act was without good cause or excuse.

53. As a result of Mr. Delestowicz and Ms. Martinez's wrongful conduct and the breach of fiduciary duty to Plaintiff, Plaintiff has been severely damaged.

## COUNT III – BREACH OF BYLAWS (against Mr. Bacigalupo)

54. Plaintiff incorporates by reference all allegations set forth above.

55. As COO, Mr. Bacigalupo was bound by the provisions of the Plaintiff's Bylaws.

56. Plaintiff properly relied upon the Bylaws to govern the conduct of Mr. Bacigalupo.

57. Plaintiff's Bylaws did not permit or authorize Mr. Bacigalupo to take the actions which he took on behalf of Plaintiff.

58. Mr. Bacigalupo's actions constituted a breach of the Bylaws.

59. Mr. Bacigalupo's actions were without good cause or excuse.

60. As a result of Mr. Bacigalupo's breach of his obligations to Plaintiff under the Bylaws, Plaintiff has been damaged.

## COUNT IV – NEGLIGENCE (against Mr. Bacigalupo)

61. Plaintiff incorporates by reference all allegations set forth above.

62. As COO, Mr. Bacigalupo owes Plaintiff a general duty of care.

63. Mr. Bacigalupo's actions as described above, including without limitation, obtaining the Loans without authority or permission, pledging the Personal Property and Real Property of Plaintiff as security for the Loans, and misleading Plaintiff as to such wrongful conduct in subsequent Board meetings, constituted a breach of Mr. Bacigalupo's duties to Plaintiff.

64. Mr. Bacigalupo took those actions without good cause or excuse.

65. As a result of Mr. Bacigalupo's wrongful conduct and breach of his fiduciary duty to Plaintiff, Plaintiff has been damaged.

## COUNT V – NEGLIGENCE (against Mr. Delestowicz and Ms. Martinez)

66. Plaintiff incorporates by reference all allegations set forth above.

67. As members of the Board of Directors, each of Mr. Delestowicz and Ms. Martinez owe Plaintiff a general duty of care.

68. Mr. Delestowicz and Ms. Martinez failure to act as described above, constituted a breach of their respective duties to Plaintiff.

69. Mr. Delestowicz and Ms. Martinez failure to act was actions without good cause or excuse.

70. As a result of Mr. Delestowicz and Ms. Martinez wrongful conduct and breach of their respective fiduciary duties to Plaintiff, Plaintiff has been damaged.

WHEREFORE, Plaintiff respectfully requests an award of money damages against each of Mr. Bacigalupo, Mr. Delestowicz and Ms. Martinez in an amount sufficient to pay the balance of the Loans and all related costs and fees, to compensate Plaintiff for the loss of its Personal Property and Real Property, as well as for damages sufficient to compensate Plaintiff for the loss of its mission in the community.

Dated: January 14, 2025						Respectfully submitted,

*/s/ Edward P. Perdue*

_____
Edward P. Perdue (P55888)
PERDUE LAW GROUP PLLC
Attorneys for Plaintiffs
P.O. Box 2390
Grand Rapids, Michigan 49501
(616) 888-2960

Darren Malek (P57443)
VERITAS LAW GROUP
Attorneys for Plaintiffs
107 W. Michigan Avenue, Suite 500
Kalamazoo, Michigan 49007
(269) 270-3500