UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
BAY CITY

IN THE MATTER OF:

| | |
|---|---|
| State Theater of Bay City/Bay County, | Bankruptcy Case No. 24-20261-dob<br>Honorable Daniel S. Opperman<br>Chapter 7 |
| Debtor._____/ | |
| Randall L. Frank, Trustee for the State Theater of Bay City/Bay County, | Adversary No. 25-02004-dob |
| Plaintiff, | |
| vs. | |
| Michael Bacigalupo, Mark Delestowicz and Stephanie Martinez | |
| Defendants._____ | |

## BRIEF IN OPPOSITION TO DEFENDANTS, MARK DELESTOWICZ' AND STEPHANIE MARTINEZ' MOTION FOR MANDATORY ABSTENTION PURSUANT TO 28 U.S.C. § 1334(c)(2)

Plaintiff/Debtor filed this action in mid-January. This is one of several actions filed on behalf of the debtor seeking relief against other parties. Defendant Bacigalupo filed an Answer and has not sought abstention.

Now, nearly six months later – after Debtor granted Movant's counsel extensions of the responsive pleading deadline so he could purportedly become more familiar with the facts, these Movants' sophisticated bankruptcy attorneys file the

instant Motion the same day as they file the Answer. That is, by any definition, untimely – not to mention distasteful tactical gamesmanship.

Timing aside for the moment, Movants Motion is simply misplaced for the reason that there is no pending state claim from which this Court can abstain. Notably, this is not a case which was filed in State Court and then removed pursuant to BR 9027. In their Brief, Movants misquote the fundamental case cited in their Brief, *In re Dow Corning Corp.*, 89 F.3d 482 – most likely because the actual quoted text is fatal to their position. Specifically, the Sixth Circuit Court of Appeals held as following as to abstention under 28 USC § 1334(c)(2)(emphasis added):

> For mandatory abstention to apply, a proceeding must: (1) be based on a state law claim or cause of action; (2) lack a federal jurisdictional basis absent the bankruptcy; (3) <u>be commenced in a state forum of appropriate jurisdiction</u>; (4) be capable of timely adjudication; and (5) be a non-core proceeding.

In other words, such a Motion must be based on a *pre-existing* state Court pending action. That is consistent with the other cases cited by Movants. *See e.g.*, *IRobinson v. Michigan Consol. Gas Co.,* 918 F.2d 579, 584 (6th Cir. 1990) (cited in Movant's Brief but involving an action initially filed in State Court), and *In re Midgard Corp.*, 204 B.R. 764, 774 (10th Cir. B.A.P. 1997) (involving a matter initiated in State Court). This of course, makes sense insofar as the implicit goal of this provision is to allow for the efficient and timely adjudication of proceedings related to the

1

bankruptcy estate – i.e., the presumption being that if the matter was initiated in the State Court in the first instance, then removal and retention of the matter by the Bankruptcy Court would unduly delay and prolong those proceedings.

The exact opposite result is that which Movants seek in their Motion here. Rather than remanding this matter back to a state Court in which it was originally fined, Movants effectively seek dismissal of this case. That alone is grounds for denial of the motion.

In terms of timely adjudication, when analyzing that issue "courts [generally] focus on the status and needs of the bankruptcy case rather than any particular time guideline." *In re New 118th LLC*, 396 B.R. 885, 894 (Bankr. S.D.N.Y. 2008) (citing *In re Bradlees, Inc.*, 2005 WL 106794, at *7 (S.D.N.Y. Jan.19, 2005)). The underlying case here involves a single physical asset – the theater building – which was sold many months ago. The other assets include this claim against Movants and the other Defendant, as well as other claims filed by Plaintiff against the City of Bay City and certain other defendants in that action. That matter has now been settled. *See Eastern District of Michigan US Bankruptcy Court, Case No. 24-02039-dob.* In the underlying proceeding, certain proceeds from the sale of the property have been approved to be distributed to certain parties. *Id.* Thus, this matter is moving apace and this claim is effectively the last "asset" of the estate to be managed by this Court.

As noted, there was never an underlying proceeding filed in Bay County, Michigan. Thus, no action has been taken. As such, granting abstention in this matter would in essence require dismissal of the case – because there was no initial proceeding filed in State Court and, therefore, this case cannot be "remanded" back to any Court. Consequently, the effect of a grant of Movants' Motion would be that this case would be dismissed and Plaintiff would be forced to file anew in state circuit court. This would essentially force Plaintiffs to start from scratch. That is problematic and prejudicial because Bay County is served by only two Circuit Court Judges who handle all of the domestic, criminal, general civil, equity and business court cases.

The most recent Court data indicates that there were 668 cases pending in Circuit Court as of the end of 2024. 204 of which were civil including business, conservatorships, other probate, forfeiture, employment discrimination and all other manner of civil matters. According to the State's website, only 61% of business court cases were disposed of within one year of filing in Bay County in 2024. **Exhibit A**. The two Bay County Circuit Court Judges dealt with a total of 2,094 total new incoming matters (across all categories) in 2024. That is a very busy Court.

In addition, Defendant Bacigalupo has answered the complaint (as Movants have), and this matter is finally procedurally ready for substantive adjudication. In contrast, there is no existing state case pending that is "capable of timely

adjudication" such that Movants cannot demonstrate the fourth requisite element of their claim for relief.

Finally, this Court has proper jurisdiction and Movants do not dispute that in their Objection or Brief. Accordingly, the Court clearly has related to jurisdiction. If the Court has proper jurisdiction (which is undisputed), and there is no other current forum, there is no reason in the world for the Court to abstain.

In short, neither the law nor the equities counsel in favor of abstention here. Accordingly, Plaintiff respectfully requests that the Court deny the instant motion.

Dated: June 22, 2025

Respectfully submitted,

*/s/ Edward P. Perdue*

_____
Edward P. Perdue (P55888)
PERDUE LAW GROUP PLLC
Attorneys for Plaintiff
P.O. Box 2390
Grand Rapids, Michigan 49501
(616) 888-2960

Darren Malek (P57443)
VERITAS LAW GROUP
Attorneys for Plaintiff
107 W. Michigan Avenue, Fl. 5
Kalamazoo, Michigan 49007
(269) 270-3500

# EXHIBIT A





